OPINION
Defendant-appellant, Christopher Faulkner, appeals a decision of the Warren County Court of Common Pleas denying his motion for shock probation.
On August 14, 1995, appellant appeared in the trial court and entered a "no contest" plea to a charge of aggravated trafficking in drugs, a felony of the third degree. Appellant was found guilty of the offense and sentenced to a term of imprisonment of three to fifteen years of which three years were to be served as actual incarceration. Appellant was also found guilty and sentenced on other charges not relevant to this appeal. Appellant was delivered into the custody of the keeper of the penal institution within the following week.
On September 18, 1997, appellant filed a motion pursuant to R.C. 2947.061 requesting shock probation. By entry filed October 16, 1997, the trial court denied the motion, specifically finding that it was not timely filed pursuant to R.C. 2947.061(A) and therefore the court lacked jurisdiction. The court specifically held that the motion was denied solely on jurisdictional grounds and not on the merits. This timely appeal followed.
Appellant, acting pro se, assigns a singular error as follows:
 The trial court errored in denying appellant's motion for due grounds of not filing timely.[sic]
While appellant's motion was directed to R.C. 2947.061 in toto, the trial court specifically denied the motion under R.C.2947.061(A).[1] The trial court, solely relying upon R.C.2947.061(A), found that it could only suspend execution of the sentence if the motion was filed no more than sixty days after appellant was delivered to the penitentiary to begin serving his sentence. Because the motion for shock probation was filed over two years after appellant began serving his sentence, the trial court held that it was not timely filed.
Appellant argues, however, that he is eligible for consideration for shock probation under R.C. 2947.061(B), which provides in relevant part that:
 [T]he trial court, upon the motion of the defendant, may suspend the further execution of the defendant's sentence and place the defendant on probation * * * if the defendant was sentenced for an aggravated felony of the first, second or third degree, is not serving a term of actual incarceration, is confined in a state correctional institution, and files the motion at any time after serving six months in the custody of the department of rehabilitation and correction.
While appellant concedes that his sentence requires him to serve three years actual incarceration and thus that the trial court could not entertain his motion for shock probation if filed before the actual incarceration period was served, appellant nevertheless contends that he has served his actual incarceration sentence, said sentence having been diminished as provided in R.C. 2929.01(C)[2] and in accordance with the provisions of R.C. 2967.19.[3]
Upon reviewing R.C. 2947.061(B), 2929.01(C), and 2967.19, we find that appellant's argument has merit. We therefore reverse the trial court's denial of appellant's motion for shock probation and remand the cause for the trial court to determine appellant's eligibility for shock probation under the foregoing three statutory provisions. Appellant's sole assignment of error is sustained and well-taken.
YOUNG, P.J., and WALSH, J., concur.
[1] R.C. 2947.061(A) provides in relevant part that "the trial court, upon motion of the defendant made not earlier than thirty days nor later than sixty days after the defendant, having been sentenced, is delivered into the custody of the keeper of the institution * * *, may * * * place the defendant on probation * * *."
[2] R.C. 2929.01(C) defines "actual incarceration" and provides in relevant part that "[i]f a person is sentenced to a term of actual incarceration, the court shall not suspend his term of actual incarceration, and shall not grant him probation or shock probation, * * * until after the expiration of his term of actual incarceration, diminished as provided in [R.C.] 2967.19,2967.193, and 5145.11 * * *."
[3] R.C. 2967.19 governs time off for good behavior.